UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-83-1 |
| | ) | |
| BRANDY JOE CHARLES | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Brandy Joe Charles' Motion to Appoint Counsel, in which Mr. Charles requests the Court evaluate his eligibility under Amendment 821 to the United States Sentencing Guidelines [Doc. 91]. The Court construed this motion as a request for relief under Amendment 821 [Order, Doc. 92]. The Federal Defender Service of Eastern Tennessee has filed a Notice of No Intention to File a Supplemental Motion [Doc. 93]. The United States has filed a Response in Opposition. [Doc. 94]. For the reasons herein, the court will deny Mr. Charles' motion.

### I.  BACKGROUND

In 2014, Mr. Charles pled guilty to one count of bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and one count of knowingly brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) [Plea Agreement, Doc. 42]. At sentencing, Mr. Charles' criminal history category was VI and his total offense level was 31, resulting in a sentencing guidelines range of 188-235 months imprisonment [Presentence Investigation Report, Doc. 53, at 25].

It is important to note that the second count that Mr. Charles pled guilty to carried a mandatory minimum sentence of 84 months imprisonment, to be imposed consecutively to any

other term of imprisonment, which resulted in an effective guideline range of 272-319 months [*Id.*]. However, the Court granted a motion for downward departure, and he was later sentenced to a total of 188 months imprisonment and 5 years supervised release [Judgement, Doc. 77].

Mr. Charles now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is prepared to rule on Mr. Charles' motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United*

*States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[1] *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[2] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) lowers the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is

---

[1] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines' criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

(d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

Mr. Charles seeks relief under Part A of Amendment 821 only. [Def. Mot., Doc. 91]. In response, the United States argues that Mr. Charles is ineligible for a sentence reduction because Amendment 821 does not lower his guidelines range [United States' Resp. at 2]. The United States is correct.

At sentencing, Mr. Charles received 7 or more criminal history points, 16 total [Presentence Investigation Report, [Doc. 53]. Two of those points were status points. Under Part A of Amendment 821, he is eligible for a one-point deduction, *see* U.S. Sent'g Guidelines Manual § 4A1.1(e), resulting in a total of 15 criminal history points. However, this one-point deduction still results in a criminal history category of VI because this category requires 13 or more criminal history points. Thus, even with the benefit of the one-point deduction, Mr. Charles remains a category-VI offender. A criminal history category of VI and total offense level of 31 result in a guidelines range of 188-235 months, the same guidelines range applied at sentencing. Because Mr.

Charles' guidelines range remains unchanged, he is ineligible for a sentence reduction under Amendment 821.

IV. CONCLUSION

Mr. Charles fails to show that he is entitled to a sentence reduction under § 3582(c)(2) and Amendment 821, and his Motion to Appoint Counsel, which the Court construes as a Motion for Relief under Amendment 821 [Doc. 91], is therefore **DENIED**.

So ordered.

ENTER:

s. J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE